# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14-CV-P56-M

**ARTHUR PRUITT**　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**

**ROEDERER CORRECTIONAL COMPLEX et al.**　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Arthur Pruitt, filed an *in forma pauperis*, *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who at the pertinent time was an inmate at the Roederer Correctional Complex (RCC), filed a complaint on his own paper and an amended complaint[1] on this Court's preapproved form. The two complaints contain the same allegations.

Plaintiff sues in their official capacities RCC Warden Ravonne Sims; Aramark[2] Supervisor Mike Meadows; Aramark employee Joseph Thomas; grievance counselor David Alexander; and kitchen director Kimberly Kenndy. He alleges that on December 25, 2013, he was placed in segregation for not giving up his inmate identification card. He states that, according to the prison handbook, he is required to have his identification in his possession at all

---

[1] Plaintiff may amend his pleading once as a matter of course within 21 days of service, and service has not occurred in this case. *See* Fed. R. Civ. P. 15(a)(1).

[2] Plaintiff explains that Aramark is a company with whom RCC contracts to provide food services.

times, but that Aramark said that the only way to pay the inmates was to have them surrender their identification. Documents submitted by Plaintiff show that he was transported to segregation on December 25, 2013, after being written up for refusing to obey an order to give his identification to staff. On December 26, 2013, a hearing was held at which he was found guilty and imposed a penalty of loss of 60 good-time days. He also attaches a copy of the rules and regulations stating, "You are expected to wear this card at all times when you are outside your immediate bed area or room."

Plaintiff alleges that he was kicked out of the kitchen program with a week left to "graduate" out of that program "because of a 3-3 disciplinary report without the benefit of hearing my first appeal. These action[s] were taken out as part of a retaliation because I have filed several grievances against the kitchen staff about the treatment of inmates." He does not explain who "kicked [him] out" of the program. However, he continues, "I'm still in the kitchen working but not because of Aramark but because everyone who stays at this institution is forced to work and always being threaten to be shipped out if they do not agree." He attaches several disciplinary reports and grievance documents. In his supplement to his complaint (DN 6), he adds more documents relating to disciplinary procedures.

Plaintiff complains that RCC staff have given Aramark the power to have inmates placed on a transfer list. He alleges that RCC has allowed Aramark employees to use abusive language when dealing with inmate workers. Plaintiff further alleges that the kitchen is infested with mice; that on one occasion Plaintiff observed biscuits being contaminated by motor oil; that some inmates are shown favoritism; and that the inmate grievance process does not work.

Apparently, before filing his complaint Plaintiff was transferred to the Green River

Correctional Complex (GRCC). As relief, Plaintiff asks for monetary damages for being transferred away from his family.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Retaliation claim for not giving up identification card***

Plaintiff alleges that he was placed in segregation for not giving up his inmate identification card. He states that, according to the prison handbook, he is required to have his identification in his possession at all times, but that Aramark said that he must surrender his identification card in order to be paid. Documents submitted by Plaintiff show that he was

transported to segregation on December 25, 2013, after being written up for refusing to obey an order to give his identification to staff. On December 26, 2013, a hearing was held at which he was found guilty and a penalty was imposed of loss of 60 good-time days.

In order to establish a claim of First Amendment retaliation, Plaintiff must show that: (1) his conduct is protected by the Constitution or statute; (2) Defendant took adverse action against him; and (3) this adverse action was motivated, at least in part, because of Plaintiff's exercise of the constitutional or statutory right. *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87, 394 (1999).

Refusing a direct order is not protected conduct. *See A'la v. Cobb*, No. 98-5257, 2000 WL 303014, at *2 (6th Cir. 2000) ("[M]ost of the disciplinary charges were for Al-Jabbar a'la's refusing direct orders, creating disturbances and interfering with an officer's duties, conduct which is not protected."). As made clear by the documents submitted by Plaintiff, Plaintiff was convicted of "[r]efusing or failing to obey an order." Nor does Plaintiff argue that he did not refuse to obey a direct order. Accordingly, the Court finds that Plaintiff has failed to allege a retaliation claim.

***Retaliation claim regarding kitchen work program***

Plaintiff states that his getting kicked out of the kitchen work program after a disciplinary report relating to the contents of his mail was "part of a retaliation because I have filed several grievances against the kitchen staff about the treatment of inmates." However, he states that he is still working in the kitchen "not because of Aramark but because everyone who stays at this institution is forced to work and always being threaten to be shipped out if they do not agree."

Here, Plaintiff does not allege any protected conduct as required to state a retaliation

4

claim because his filing grievances on behalf of other inmates is not protected conduct. A prisoner has "no First Amendment right to represent other inmates in presenting their grievances absent a showing that 'the inmate[s] receiving the assistance would otherwise be unable to pursue legal redress.'" *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

Additionally, prisoners have no constitutionally protected liberty or property interest in prison employment under the Fourteenth Amendment. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job."). Thus, the removal of his kitchen job was not adverse action. *See Jewell v. Leroux*, 20 F. App'x 375, 377-78 (6th Cir. 2001) (finding no adverse action where plaintiff alleged he had been wrongfully removed from a prison job and transferred to another prison in retaliation for filing prison grievances). Moreover, Plaintiff states that he continued to work in the kitchen after his removal from the kitchen program (although it is not clear whether he means he is working at RCC or GRCC). Thus, the Court finds that Plaintiff has failed to state a claim of retaliation regarding his kitchen job.

*Grievance-procedure claim*

An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cnty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations

of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Thus, Plaintiff's claim relating to the lack of adequate grievance procedures must be dismissed.

*Remaining claims*

Plaintiff's claims that Aramark employees are given the power to place inmates on the transfer list and use abusive language when dealing with inmates; that the kitchen is infested with mice; that biscuits were contaminated with motor oil; and that some inmates are shown favoritism must be dismissed because Plaintiff lacks standing to raise these claims. He does not allege that he was personally affected by any of these actions. Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, to the extent that Plaintiff seeks to assert claims on behalf of other inmates, he lacks standing to do so. Therefore, these claims will be dismissed as frivolous for lack of subject-matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: May 15, 2014

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　 Defendants
4414.009